## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARYKATE BELL, a minor, by AMY BELL, Guardian, and AMY BELL and JONATHON BELL, Individually, | ) ) ) ) | Honorable Cynthia M. Rufe |
| Plaintiffs, | ) ) ) | Civil Case No. 12-cv-02754 |
| v. | ) ) | MDL No.: 12-md-2342 |
| WOLTERS KLUWER HEALTH, INC., WOLTERS KLUWER UNITED STATES, INC., and PFIZER, INC. | ) ) ) ) | **PFIZER INC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | ) ) | |

Defendant Pfizer Inc ("Pfizer") hereby sets forth the following Answer and Affirmative Defenses to the Complaint and Demand for Jury Trial ("Complaint") filed by Plaintiffs MaryKate Bell, a minor, ("Minor Plaintiff"), Jonathon Bell and Amy Bell ("Mother Plaintiff"), individually and as guardian for MaryKate Bell (together, "Plaintiffs"), and demands trial by jury. Certain allegations in the Complaint are made as to all or several defendants without differentiation or specification as to the extent of reference to Pfizer or other individual defendants and/or other parties, persons or entities. For the purpose of clarity, Pfizer responds herein to the allegations in the Complaint only insofar as such allegations pertain to Pfizer or Zoloft. Except as otherwise expressly set forth below, Pfizer denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the Complaint to the extent that such allegations refer or relate to defendants, persons or entities other than Pfizer. Any allegation, averment, contention or statement in the Complaint not specifically and unequivocally admitted is denied. Pfizer responds to each of the paragraphs of the Complaint as follows:

### RESPONSE TO "COMPLAINT"

1. Paragraph 1 of the Complaint does not set forth any allegation susceptible to admission or denial and, therefore, no answer is required. To the extent an answer is deemed

necessary, Pfizer incorporates by reference its responses to paragraphs 2 through 204 of the Complaint, as set forth below.

2. Paragraph 2 of the Complaint provides an overview of the Complaint and does not set forth any allegation susceptible to admission or denial and, therefore, no answer is required. To the extent an answer is deemed necessary, Pfizer denies all allegations in paragraph 2 of the Complaint.

## RESPONSE TO "PLAINTIFFS"

3. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4. Pfizer denies that Zoloft proximately caused Plaintiffs' alleged injuries. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint and for that reason denies each of them.

5. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 5 of the Complaint and for that reason denies each of them. Responding to the second sentence of paragraph 5 of the Complaint, Pfizer admits that Plaintiffs seek to recover the damages described therein, but denies that Plaintiffs are entitled to judgment, damages, interest, costs or to any sum or relief whatsoever of, from or against Defendants, denies that Zoloft proximately caused Plaintiffs' injuries, and incorporates its responses to paragraphs 2 through 204 of the Complaint, as set forth herein.

6. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and for that reason denies each of them.

7. Paragraph 7 of the Complaint is definitional and does not set forth any allegation susceptible to admission or denial and, therefore, no answer is required.

## RESPONSE TO "DEFENDANTS"

8. The allegations in paragraph 8 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 8 of the Complaint and therefore denies same.

9. The allegations in paragraph 9 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies same.

10. Pfizer admits the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint is definitional and does not set forth any allegation susceptible to admission or denial and, therefore, no answer is required. To the extent a response is required, Pfizer denies that the use of the term "Defendants" to jointly refer to Pfizer, Wolters Kluwer Health, Inc. and Wolters Kluwer United States, Inc. (together, "Wolters Kluwer") is proper, denies that Wolters Kluwer had any involvement in the development, manufacture, labeling or marketing of Zoloft, and further responds that Wolters Kluwer has been fraudulently joined as a defendant in this action.

<u>**RESPONSE TO "JURISDICTION AND VENUE"**</u>

12. Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

13. To the extent the allegations in paragraph 13 are directed at the Court's jurisdiction over a defendant other than Pfizer no response is required. To the extent a response is deemed necessary, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies same. Responding further, paragraph 13 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent an answer is required, Pfizer denies that venue is proper in the Court of Common Pleas for Philadelphia County because Wolters Kluwer is a fraudulently joined defendant and its contacts with the State of Pennsylvania are irrelevant for purposes of venue. *See In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). Pfizer further admits that it has removed this case to the United States District Court for the Eastern District of Pennsylvania, and that, excluding the fraudulently joined defendant, and upon information and belief, the parties are

3

diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

14.     Responding to paragraph 14 of the Complaint, Pfizer admits that it manufactures sertraline hydrochloride under the brand name Zoloft®, that it is one of the world's leading developers and manufacturers of products for the improvement of human health, and that it is authorized to do business, and does do business, in Pennsylvania. Pfizer denies that venue is proper in the Court of Common Pleas for Philadelphia County because Wolters Kluwer is a fraudulently joined defendant and its contacts with the State of Pennsylvania are irrelevant for purposes of venue. *See In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). Pfizer further admits that it has removed this case to United States District Court for the Eastern District of Pennsylvania, and that, excluding the fraudulently joined defendant, and upon information and belief, the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Pfizer denies the last sentence of paragraph 14 and all other allegations not expressly admitted.

15.     Pfizer admits that Plaintiffs seek the relief set forth in paragraph 15 of the Complaint, but denies that Plaintiffs are entitled to such relief.

16.     Paragraph 16 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies same.

17.     Paragraph 17 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer denies that there is no basis for removal of this case to federal court because Wolters Kluwer has been fraudulently joined and, therefore, its citizenship must be disregarded. *See In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006).

## RESPONSE TO "GENERAL ALLEGATIONS"

18.     Pfizer restates and incorporates by reference each of the preceding paragraphs of

4

this Answer.

19. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and for that reason denies each of them.

20. To the extent the allegations of paragraph 20 of the Complaint imply that Pfizer failed to provide adequate warnings with Zoloft or that Zoloft proximately caused Plaintiffs' injuries, Pfizer denies them. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint and for that reason denies each of them

21. To the extent the allegations of paragraph 21 of the Complaint imply that Pfizer failed to provide adequate warnings with Zoloft or that Zoloft proximately caused Plaintiffs' injuries, Pfizer denies them. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the Complaint and for that reason denies each of them.

22. Pfizer denies each allegation of paragraph 22 of the Complaint.

23. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and for that reason denies each of them.

24. Pfizer denies each allegation of paragraph 24 of the Complaint.

25. Responding to paragraph 25 of the Complaint, Pfizer admits that it manufactures sertraline hydrochloride under the brand name Zoloft®. Responding further, Pfizer admits that Zoloft is a member of a class of medications known as "selective serotonin reuptake inhibitors," and Zoloft has been approved by the United States Food and Drug Administration ("FDA") as safe and effective for treatment of major depressive disorder, obsessive compulsive disorder, panic disorder, posttraumatic stress disorder, premenstrual disorder and social anxiety disorder.

26. Responding to paragraph 26 of the Complaint, Pfizer denies any attempt by Plaintiffs to paraphrase or characterize the Food, Drug and Cosmetic Act ("FDCA") and regulations promulgated thereunder. The Act and regulations speak for themselves and the interpretation of them is a question of law for the Court. Pfizer admits only that it is aware of its

reporting obligations under federal law and that it complied with all such reporting obligations with respect to Zoloft.

27. Paragraph 27 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer admits such duties as are imposed by applicable law, and denies any violation of said duties.

28. Pfizer denies each allegation of paragraph 28 of the Complaint.

29. Pfizer denies each allegation of paragraph 29 of the Complaint.

30. Pfizer denies each allegation of paragraph 30 of the Complaint.

31. Pfizer denies each allegation of paragraph 31 of the Complaint.

32. Pfizer denies each allegation of paragraph 32 of the Complaint.

33. Pfizer denies each allegation of paragraph 33 of the Complaint.

34. Pfizer denies each allegation of paragraph 34 of the Complaint.

35. Pfizer denies each allegation of paragraph 35 of the Complaint.

36. Pfizer denies each allegation of paragraph 36 of the Complaint, except that Pfizer admits only that it made those representations contained in the FDA-approved label for Zoloft and that those representations accurately presented the risks and benefits of Zoloft.

37. Pfizer denies each allegation of paragraph 37 of the Complaint.

38. Responding to paragraph 38 of the Complaint, Pfizer denies any attempt by Plaintiffs to paraphrase or characterize the FDCA and regulations promulgated thereunder. The Act and regulations speak for themselves and the interpretation of them is a question of law for the Court. Pfizer admits only such duties as are imposed by applicable law, and denies any violation of said duties.

39. Paragraph 39 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is necessary, Pfizer admits such duties as are imposed by applicable law, and denies any violation of said duties.

40. Pfizer denies each allegation of paragraph 40 of the Complaint.

41. Pfizer denies each allegation of paragraph 41 of the Complaint.

42. Pfizer denies each allegation of paragraph 42 of the Complaint, including each subpart.

43. Pfizer denies each allegation of paragraph 43 of the Complaint.

44. The allegations in paragraph 44 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action. Pfizer is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies same.

45. The allegations in paragraph 45 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action. Pfizer is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and therefore denies same.

46. The allegations in paragraph 46 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action. Pfizer is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and therefore denies same.

47. The allegations in paragraph 47 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action. Pfizer is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and therefore denies same.

48. The allegations in paragraph 48 of the Complaint are directed at a defendant other

than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action. Pfizer is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies same.

49. The allegations in paragraph 49 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action. Pfizer is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and therefore denies same.

50. The allegations in paragraph 50 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action. Pfizer is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and therefore denies same.

51. The allegations in paragraph 51 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action. Pfizer is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and therefore denies same.

52. The allegations in paragraph 52 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an

unreasonable risk of congenital birth defects, is associated with Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and therefore denies same.

53. The allegations in paragraph 53 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and therefore denies same.

54. The allegations in paragraph 54 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and therefore denies same.

55. Pfizer denies each allegation of paragraph 55 of the Complaint.

56. Pfizer denies each allegation of paragraph 56 of the Complaint.

57. Pfizer denies each allegation of paragraph 57 of the Complaint.

58. Pfizer denies each allegation of paragraph 58 of the Complaint.

59. Pfizer denies each allegation of paragraph 59 of the Complaint.

60. Pfizer denies each allegation of paragraph 60 of the Complaint.

61. Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

62. Paragraph 62 of the Complaint does not set forth any allegation susceptible to admission or denial and, therefore, no answer is required. To the extent an answer is deemed necessary, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and therefore denies same.

63. Paragraph 63 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent an answer is deemed necessary, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint and therefore denies same.

64. Paragraph 64 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint as to what Mother Plaintiff was aware of or could have discovered by the exercise of reasonable care and due diligence and for that reason denies the allegation of paragraph 64 of the Complaint.

65. Pfizer denies each allegation of paragraph 65 of the Complaint.

66. Pfizer denies each allegation of paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 67 of the Complaint and for that reason denies each of them.

68. Paragraph 68 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of

paragraph 68 of the Complaint and for that reason denies each of them.

69. Paragraph 69 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint and for that reason denies each of them.

70. Pfizer denies each allegation of paragraph 70 of the Complaint.

<u>RESPONSE TO "CLAIMS FOR RELIEF"</u>

71. Paragraph 71 of the Complaint does not set forth any allegation susceptible to admission or denial and, therefore, no answer is required. To the extent a response is deemed necessary, Pfizer denies each allegation of paragraph 71 of the Complaint.

<u>RESPONSE TO "COUNT ONE – STRICT PRODUCT LIABILITY –<br>FAILURE TO WARN (AS AGAINST PFIZER)"</u>

72. Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

73. Pfizer denies each allegation of paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer admits such duties as are imposed by applicable law, and denies any violation of said duties.

75. Responding to paragraph 75 of the Complaint, Pfizer states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations as to what Mother Plaintiff was aware of or what was communicated to her by her physicians and for that reason denies the allegations of paragraph 75 of the Complaint. Pfizer states further that the FDA-approved label for Zoloft accurately represented the risks and benefits of Zoloft and denies any allegation to the contrary.

76. Paragraph 76 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer admits such duties as are imposed by applicable law, and denies any violation of said duties.

77. Pfizer denies each allegation of paragraph 77 of the Complaint.

78. Pfizer denies each allegation of paragraph 78 of the Complaint.

79. Pfizer denies each allegation of paragraph 79 of the Complaint.

80. Pfizer denies each allegation of paragraph 80 of the Complaint, including each subpart.

81. Pfizer denies each allegation of paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer admits such duties as are imposed by applicable law, and denies any violation of said duties.

83. Pfizer denies each allegation of paragraph 83 of the Complaint.

84. Pfizer denies each allegation of paragraph 84 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 84 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

### RESPONSE TO "COUNT TWO – STRICT PRODUCT LIABILITY – DESIGN DEFECT (AS AGAINST PFIZER)"

85. Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

86. Pfizer denies each allegation of paragraph 86 of the Complaint.

87. Pfizer denies each allegation of paragraph 87 of the Complaint, including each subpart, except Pfizer admits that it manufactured Zoloft.

88. Responding to paragraph 88 of the Complaint, Pfizer states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations as to what Mother Plaintiff or her physicians relied upon and for that reason denies the allegations of paragraph 88 of the Complaint. Pfizer states further that the FDA-approved label for Zoloft accurately represented the risks and benefits of Zoloft and denies any allegation to the contrary.

89. Pfizer denies each allegation of paragraph 89 of the Complaint.

90. Pfizer denies that Zoloft was defective, but is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Complaint as to whether Mother Plaintiff "used Zoloft for its intended purpose" and what Mother Plaintiff was aware of or could have discovered by the exercise of reasonable care and for that reason denies such allegations.

91. Pfizer denies each allegation of paragraph 91 of the Complaint.

92. Pfizer denies each allegation of paragraph 92 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 92 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

## RESPONSE TO "COUNT THREE – NEGLIGENCE (AS AGAINST PFIZER)"

93. Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

94. Pfizer denies each allegation of paragraph 94 of the Complaint.

95. Paragraph 95 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer admits all such duties as are imposed by applicable law, and denies any violation of said duties.

96. Paragraph 96 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer admits all such duties as are imposed by applicable law, and denies any violation of said duties.

97. Paragraph 97 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer admits all such duties as are imposed by applicable law, and denies any violation of said duties.

98. Pfizer denies each allegation of paragraph 98 of the Complaint, including each subpart.

99. Pfizer denies each allegation of paragraph 99 of the Complaint.

100. Pfizer denies each allegation of paragraph 100 of the Complaint.

13

101.     Pfizer denies each allegation of paragraph 101 of the Complaint.

102.     Pfizer denies each allegation of paragraph 102 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 102 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

**RESPONSE TO "COUNT FOUR – NEGLIGENT DESIGN (AS AGAINST PFIZER)"**

103.     Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

104.     Pfizer denies each allegation of paragraph 104 of the Complaint.

105.     Paragraph 105 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent a response is deemed necessary, Pfizer admits such duties as are imposed by applicable law, and denies any violation of said duties.

106.     Pfizer denies each allegation of paragraph 106 of the Complaint, including each subpart.

107.     Pfizer denies each allegation of paragraph 107 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 107 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

**RESPONSE TO "COUNT FIVE – FRAUD, MISREPRESENTATION AND SUPPRESSION (AS AGAINST PFIZER)"**

108.     Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

109.     Pfizer denies each allegation of paragraph 109 of the Complaint.

110.     Pfizer denies each allegation of paragraph 110 of the Complaint, except that Pfizer admits only that it made those representations contained in the FDA-approved label for Zoloft and that those representations accurately presented the risks and benefits of Zoloft.

111.     Pfizer denies each allegation of paragraph 111 of the Complaint.

112. Pfizer denies each allegation of paragraph 112 of the Complaint.

113. Pfizer denies each allegation of paragraph 113 of the Complaint, including each subpart.

114. Pfizer denies each allegation of paragraph 114 of the Complaint.

115. Pfizer denies each allegation of paragraph 115 of the Complaint.

116. Pfizer denies each allegation of paragraph 116 of the Complaint.

117. Paragraph 117 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer admits such duties as are imposed by applicable law, and denies any violation of said duties.

118. Pfizer denies each allegation of paragraph 118 of the Complaint.

119. Pfizer denies each allegation of paragraph 119 of the Complaint.

120. Responding to paragraph 120 of the Complaint, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations as to what Mother Plaintiff and/or Mother Plaintiff's physicians relied on and for that reason denies the allegation. Pfizer further denies it made misrepresentations or concealed information regarding the safety of Zoloft and denies all remaining allegations of paragraph 120 of the Complaint.

121. Pfizer denies each allegation of paragraph 121 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 121 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

**RESPONSE TO "COUNT SIX – CONSTRUCTIVE FRAUD (AS AGAINST PFIZER)"**

122. Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

123. Pfizer denies each allegation of paragraph 123 of the Complaint.

124. Responding to paragraph 124 of the Complaint, Pfizer states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations as to what Mother Plaintiff or Mother Plaintiff's physicians knew and for that reason denies the allegations

of paragraph 124 of the Complaint. Pfizer states further that the FDA-approved label for Zoloft accurately represented the risks and benefits of Zoloft and denies any allegation to the contrary.

125. Responding to paragraph 125 of the Complaint, Pfizer denies that Zoloft is defective, and admits that it made those representations contained in the FDA-approved label for Zoloft and that those representations accurately presented the risks and benefits of Zoloft.

126. Responding to paragraph 126 of the Complaint, Pfizer admits that it made those representations contained in the FDA-approved label for Zoloft and that those representations accurately presented the risks and benefits of Zoloft and otherwise denies each allegation of paragraph 126 of the Complaint.

127. Pfizer denies each allegation of paragraph 127 of the Complaint.

128. Responding to paragraph 128 of the Complaint, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations as to what Mother Plaintiff and/or Mother Plaintiff's physicians relied on and for that reason denies the allegations. Pfizer further denies it made misrepresentations or concealed information regarding the safety of Zoloft and denies all remaining allegations of paragraph 128 of the Complaint.

129. Pfizer denies each allegation of paragraph 129 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 129 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

**RESPONSE TO "COUNT SEVEN – BREACH OF EXPRESS
AND IMPLIED WARRANTIES (AS AGAINST PFIZER)"**

130. Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

131. Pfizer denies each allegation of paragraph 131 of the Complaint.

132. Pfizer denies each allegation of paragraph 132 of the Complaint, except that Pfizer admits only that it made those representations contained in the FDA-approved label for Zoloft and that those representations accurately presented the risks and benefits of Zoloft.

16

133. Paragraph 133 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Pfizer admits that it gave only such implied warranties as are imposed by applicable law, and denies any violation of said warranties.

134. Responding to paragraph 134 of the Complaint, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations as to what Mother Plaintiff and/or Mother Plaintiff's physicians relied on and for that reason denies the allegation. Pfizer admits that it gave only such express and implied warranties as are imposed by applicable law, and denies any violation of said warranties.

135. Responding to paragraph 135 of the Complaint, Pfizer is without knowledge or information sufficient to form a belief as to whether Mother Plaintiff and/or Mother Plaintiff's physicians use and/or prescription of Zoloft was "consistent with the purposes for which [Pfizer] directly and indirectly advertised, marketed, and promoted Zoloft," and for that reason denies the allegations. Pfizer admits that it gave only such express and implied warranties as are imposed by applicable law, and denies any violation of said warranties.

136. Pfizer denies each allegation of paragraph 136 of the Complaint.

137. Pfizer denies each allegation of paragraph 137 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 137 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

### RESPONSE TO "COUNT EIGHT – NEGLIGENCE (AS AGAINST WOLTERS KLUWER)"

138. The allegations in paragraph 138 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

139. The allegations in paragraph 139 of the Complaint, including each subpart, are

17

directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Complaint, including each subpart, and therefore denies same.

140. The allegations in paragraph 140 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, denies that Plaintiffs' injuries were proximately caused by Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Complaint and therefore denies same.

141. The allegations in paragraph 141 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Complaint and therefore denies same.

142. The allegations in paragraph 142 are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable

risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, denies that Plaintiffs' injuries were proximately caused by Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Complaint and therefore denies same.

143. The allegations in paragraph 143 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations in paragraph 143 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 143 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

### RESPONSE TO "COUNT NINE – STRICT PRODUCT LIABILITY – DEFECTIVE DESIGN (AS AGAINST WOLTERS KLUWER)"

144. The allegations in paragraph 144 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

145. The allegations in paragraph 145 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that a patient education monograph constitutes a product for purposes of strict liability, denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Complaint and therefore denies same.

146. The allegations in paragraph 146 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that a patient education monograph constitutes a product for purposes of

strict liability, denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Complaint and therefore denies same.

147. The allegations in paragraph 147 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that a patient education monograph constitutes a product for purposes of strict liability, denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the Complaint and therefore denies same.

148. The allegations in paragraph 148 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that a patient education monograph constitutes a product for purposes of strict liability, denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the Complaint and therefore denies same.

149. The allegations in paragraph 149 of the Complaint, including each subpart, are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that a patient education monograph constitutes a

product for purposes of strict liability, denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 of the Complaint, including each subpart, and therefore denies same.

150. The allegations in paragraph 150 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that a patient education monograph constitutes a product for purposes of strict liability, denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the Complaint and therefore denies same.

151. The allegations in paragraph 151 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations in paragraph 151 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 151 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

### RESPONSE TO "COUNT TEN – STRICT PRODUCT LIABILITY – FAILURE TO WARN (AS AGAINST WOLTERS KLUWER)"

152. The allegations in paragraph 152 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer restates and incorporates by reference each of the preceding paragraphs of this

Answer.

153. The allegations in paragraph 153 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that a patient education monograph constitutes a product for purposes of strict liability, denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Complaint and therefore denies same.

154. The allegations in paragraph 154 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that a patient education monograph constitutes a product for purposes of strict liability, denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the Complaint and therefore denies same.

155. The allegations in paragraph 155 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that a patient education monograph constitutes a product for purposes of strict liability, denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 155 of the Complaint and therefore denies same.

156. The allegations in paragraph 156 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that a patient education monograph constitutes a product for purposes of strict liability, denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the Complaint and therefore denies same.

157. The allegations in paragraph 157 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that a patient education monograph constitutes a product for purposes of strict liability, denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the Complaint and therefore denies same.

158. The allegations in paragraph 158 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations in paragraph 158 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 158 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

**RESPONSE TO "COUNT ELEVEN – FRAUD, MISREPRESENTATION
AND SUPPRESSION (AS AGAINST WOLTERS KLUWER)"**

159. The allegations in paragraph 159 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

160. The allegations in paragraph 160 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that Plaintiffs have pled facts supporting the conclusory allegations of paragraph 160 of the Complaint, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 of the Complaint and therefore denies same.

161. The allegations in paragraph 161 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that Plaintiffs have pled facts supporting the conclusory allegations of paragraph 161 of the Complaint, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the Complaint and therefore denies same.

162. The allegations in paragraph 162 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that Plaintiffs have pled facts supporting the conclusory allegations of paragraph 162 of the Complaint, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the Complaint and therefore denies same.

163. The allegations in paragraph 163 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that Plaintiffs have pled facts supporting the conclusory allegations of paragraph 163 of the Complaint, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 of the Complaint and therefore denies same.

164. The allegations in paragraph 164 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that Plaintiffs have pled facts supporting the conclusory allegations of paragraph 164 of the Complaint, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the Complaint and therefore denies same.

165. The allegations in paragraph 165 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that Plaintiffs have pled facts supporting the conclusory allegations of paragraph 165 of the Complaint, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 of the Complaint and therefore denies same.

166. The allegations in paragraph 166 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that Plaintiffs have pled facts supporting the conclusory allegations of paragraph 166 of the Complaint, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 166 of the Complaint and therefore denies same.

167. The allegations in paragraph 167 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that Plaintiffs have pled facts supporting the conclusory allegations of paragraph 167 of the Complaint, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 of the Complaint and therefore denies same.

168. The allegations in paragraph 168 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that Plaintiffs have pled facts supporting the conclusory allegations of paragraph 168 of the Complaint, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 of the Complaint and therefore denies same.

169. The allegations in paragraph 169 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, denies that Plaintiffs' injuries were proximately caused by Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 of the Complaint and therefore denies same.

170. The allegations in paragraph 170 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would

support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, denies that Plaintiffs' injuries were proximately caused by Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 of the Complaint and therefore denies same.

171. The allegations in paragraph 171 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations in paragraph 171 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 171 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

**RESPONSE TO "COUNT TWELVE – BREACH OF EXPRESS
AND IMPLIED WARRANTIES (AS AGAINST WOLTERS KLUWER)"**

172. The allegations in paragraph 172 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

173. The allegations in paragraph 173 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that Wolters Kluwer bore any relationship to Plaintiffs that could conceivably give rise to any warranty, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 of the Complaint and therefore denies same.

174. The allegations in paragraph 174 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed

necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that Wolters Kluwer bore any relationship to Plaintiffs that could conceivably give rise to any warranty, denies that Zoloft was not safe and fit for use by Plaintiffs and the general public, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the Complaint and therefore denies same.

175. The allegations in paragraph 175 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that Wolters Kluwer bore any relationship to Plaintiffs that could conceivably give rise to any warranty, denies that Zoloft was "unsafe and unfit for human use," denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 of the Complaint and therefore denies same.

176. The allegations in paragraph 176 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the Complaint and therefore denies same.

177. The allegations in paragraph 177 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would

support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the Complaint and therefore denies same.

178. The allegations in paragraph 178 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies each allegation of paragraph 178 of the Complaint.

179. The allegations in paragraph 179 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations in paragraph 179 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 179 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

**RESPONSE TO "COUNT THIRTEEN – GROSS NEGLIGENCE/MALICE (AS AGAINST PFIZER AND WOLTERS KLUWER)"**

180. Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

181. Pfizer denies each allegation of paragraph 181 of the Complaint.

182. Pfizer denies each allegation of paragraph 182 of the Complaint.

183. Pfizer denies each allegation of paragraph 183 of the Complaint.

184. Pfizer denies each allegation of paragraph 184 of the Complaint.

185. Pfizer denies each allegation of paragraph 185 of the Complaint.

186. Pfizer denies each allegation of paragraph 186 of the Complaint, including each subpart.

187. Paragraph 187 of the Complaint does not set forth any allegation susceptible to admission or denial and, therefore, no answer is required. To the extent an answer is required,

Pfizer denies that Plaintiffs are entitled to judgment, damages, or relief whatsoever of, from or against Defendants.

188.     Pfizer denies each allegation of paragraph 188 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 188 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

### RESPONSE TO "COUNT FOURTEEN – LOSS OF CONSORTIUM AND PECUNIARY LOSS (AS AGAINST PFIZER AND WOLTERS KLUWER)"

189.     Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

190.     Pfizer denies each allegation of paragraph 190 of the Complaint.

191.     Pfizer denies each allegation of paragraph 191 of the Complaint.

192.     Pfizer denies each allegation of paragraph 192 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 192 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

### RESPONSE TO "COUNT FIFTEEN – PUNITIVE DAMAGES (AS AGAINST PFIZER AND WOLTERS KLUWER)"

193.     Pfizer restates and incorporates by reference each of the preceding paragraphs of this Answer.

194.     Pfizer denies each allegation of paragraph 194 of the Complaint.

195.     Pfizer denies each allegation of paragraph 195 of the Complaint.

196.     Paragraph 196 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent a response is deemed required, Pfizer admits all such duties as are imposed by applicable law and denies any violation of said duties.

197.     Pfizer denies each allegation of paragraph 197 of the Complaint.

198.     Pfizer denies each allegation of paragraph 198 of the Complaint.

199.     The allegations in paragraph 199 are directed at a defendant other than Pfizer and

therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action.

200. The allegations in paragraph 200 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that Plaintiffs have pled facts supporting the conclusory allegations of paragraph 200, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 of the Complaint and therefore denies same.

201. The allegations in paragraph 201 of the Complaint are directed at a defendant other than Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies that Wolters Kluwer owed any legal duty to Plaintiffs that would support its joinder as a defendant in this action, denies that an unreasonable risk of injury, including an unreasonable risk of congenital birth defects, is associated with Zoloft, denies that physicians were not adequately warned of the risks associated with Zoloft by the FDA-approved label for Zoloft, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201 of the Complaint and therefore denies same.

202. Pfizer denies each allegation of paragraph 202 of the Complaint.

203. Pfizer denies each allegation of paragraph 203 of the Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 203 of the Complaint, Pfizer admits that Plaintiffs seek the relief set forth therein, but denies that Plaintiffs are entitled to such relief.

### RESPONSE TO "JURY DEMAND"

204. Paragraph 204 of the Complaint does not set forth any allegation susceptible to admission or denial and, therefore, no answer is required.

## RESPONSE TO "CONCLUSION AND PRAYER"

Responding to the unnumbered WHEREFORE paragraph following paragraph 204 of the Complaint, Pfizer denies that its conduct or Zoloft caused or contributed to Plaintiffs' injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

By asserting the following affirmative defenses, Pfizer does not allege or admit it has the burden of proof or the burden of persuasion with respect to any of these matters:

**First Defense**

Plaintiffs' Complaint fails to state a claim against Pfizer upon which relief may be granted.

**Second Defense**

Venue may be improper and/or inconvenient in this Court.

**Third Defense**

Pfizer specifically denies all allegations of duty, breach, negligence, defect, causation, and all forms of damages and demands strict proof thereof.

**Fourth Defense**

Plaintiffs' claims may be barred by the doctrine(s) contained in Restatement (Second) of Torts § 402A, Comment k, and/or Restatement (Third) of Torts: Products Liability § 6. The pharmaceutical product in question is useful and desirable, and any risk claimed by Plaintiffs with its use and the alleged injury, to the extent it exists, is unavoidable.

**Fifth Defense**

Plaintiffs' claims may be barred, in whole or in part, by misuse or unintended use of Zoloft.

**Sixth Defense**

Plaintiffs' claims may be barred, in whole or in part, by the "learned intermediary" or "informed intermediary" doctrine.

**Seventh Defense**

Plaintiffs' claims may be barred because Plaintiffs' injuries, if any, were actually or proximately caused, in whole or in part, by the intervening or superseding conduct of Plaintiffs, independent third parties, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from Pfizer's conduct or control.

**Eighth Defense**

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of informed consent.

**Ninth Defense**

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs' injuries were caused, in whole or in part, by negligence, fault, or wrongful conduct of Plaintiffs or by third parties, and Plaintiffs' claims may be barred or limited by the doctrines of comparative fault or contributory negligence.

**Tenth Defense**

Plaintiffs' claims may be barred, in whole or in part, because the Mother Plaintiff did not rely to her detriment upon any statement by Pfizer in determining to use Zoloft.

**Eleventh Defense**

Plaintiffs' claims may be barred, in whole or in part, by applicable statutes of limitations and/or repose.

**Twelfth Defense**

Plaintiffs' claims for breach of express and implied warranties are barred because Plaintiffs did not reasonably rely on any alleged express or implied warranty, and because Plaintiffs did not give Pfizer adequate notice of any alleged breach of warranty, express or implied.

**Thirteenth Defense**

Plaintiffs lack the requisite privity with Pfizer to sustain a claim for breach of express or implied warranty.

**Fourteenth Defense**

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, laches, or estoppel.

**Fifteenth Defense**

Plaintiffs' damages, if any, may be barred, limited, or offset in the amount of any reimbursement received by Plaintiffs as a result of any insurance or other health benefits plan, or any amounts paid by any insurance or other health benefits plan.

**Sixteenth Defense**

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of assumption of risk.

**Seventeenth Defense**

Plaintiffs' claims are barred because Zoloft was designed, manufactured, and marketed in accordance with the state of the art and when Zoloft left the control of Pfizer, no practical and technically feasible alternative formulation was available that would have prevented the harm for which Plaintiffs seek to recover without substantially impairing the safety, efficacy, or usefulness of the product for its intended use.

**Eighteenth Defense**

Plaintiffs' damages, if any, may be limited, in whole or in part, by Plaintiffs' failure to mitigate.

**Nineteenth Defense**

Plaintiffs' claims are barred, in whole or in part, because Zoloft is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by the FDA to implement the FDCA, with the purposes and objectives of the FDCA and the FDA's implementing regulations, and with the specific determinations by the FDA specifying the language that should be used in the labeling accompanying Zoloft. Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Twentieth Defense**

Plaintiffs' claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by the FDA under the FDCA.

**Twenty-First Defense**

Pfizer is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of the State of Pennsylvania, Tennessee or any other applicable law.

**Twenty-Second Defense**

Plaintiffs' claims may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Pfizer and all its activities with respect to the subject product Zoloft have been and are conducted under the supervision of the FDA.

**Twenty-Third Defense**

To the extent Plaintiffs seek punitive or exemplary damages against Pfizer, unless Pfizer's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Pfizer's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the applicable state constitution, and would be improper under the common law and public policies of that state.

**Twenty-Fourth Defense**

To the extent Plaintiffs seek punitive or exemplary damages against Pfizer, any such claim of Plaintiffs for punitive damages against Pfizer cannot be maintained, because an award of punitive damages under applicable law would be unlawful and unauthorized, and would be void for vagueness, both facially and as applied, as a result of, among other deficiencies, the absence of adequate notice of what conduct is subject to punishment; the absence of adequate notice of what punishment may be imposed; and the absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, all in violation of the due process clause of the Fourteenth

Amendment to the United States Constitution, and by the applicable state constitution, and the common law and public policies of that state.

**Twenty-Fifth Defense**

To the extent Plaintiffs seek punitive or exemplary damages against Pfizer, any such claim of Plaintiffs for punitive damages against Pfizer cannot be maintained, because any award of punitive damages under applicable law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Pfizer, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is permitted to award punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, if any, to Plaintiffs, (6) is permitted to award punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any and (7) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Pfizer's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process and equal protection provisions of the applicable state constitution, and would be improper under the common law and public policies of that state.

**Twenty-Sixth Defense**

To the extent Plaintiffs seek punitive or exemplary damages against Pfizer, any award of punitive damages based on anything other than Pfizer's conduct in connection with the design,

manufacture, and sale of the specific Zoloft products that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process provisions of the applicable state constitution, and would be improper under the common law and public policies of that state, because any other judgment for punitive damages in this case cannot protect Pfizer against impermissible multiple punishment for the same wrong and against punishment for extra territorial conduct, including especially conduct that is lawful in states other than the applicable state. In addition, any such award would violate principles of comity under the laws of that state.

**Twenty-Seventh Defense**

Plaintiffs' claims are barred because of Plaintiffs' failure to join necessary and indispensable parties.

**Twenty-Eighth Defense**

The claims asserted in the Complaint are barred because the risks, if any, associated with the use of Zoloft are outweighed by Zoloft's utility.

**Twenty-Ninth Defense**

To the extent Plaintiffs' claims relate to Pfizer's advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Pennsylvania, Tennessee or other applicable state constitution, such claims are barred.

**Thirtieth Defense**

To the extent Plaintiffs' claims are based on alleged violations of the FDCA, such claims are barred pursuant to 21 U.S.C. § 337(a) and *Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341 (2001).

**Thirty-First Defense**

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions, disease, illness, or processes (whether pre-existing or contemporaneous) unrelated to Zoloft.

**Thirty-Second Defense**

Plaintiffs' fraud-based claims and claims for gross negligence are barred for failure to plead them with the particularity or specificity required by Federal Rule of Civil Procedure 9(b).

**Thirty-Third Defense**

To the extent Plaintiffs' claims are governed by Tennessee law, Plaintiffs' claims may be barred by Tenn. Code Ann. § 29-28-105 because the warnings given on the label for Zoloft were in conformity with the generally recognized state of the art applicable to Zoloft at the time Zoloft was manufactured.

**Thirty-Fourth Defense**

To the extent Plaintiffs' claims are governed by Tennessee law, Plaintiffs' claims may be barred by Tenn. Code Ann. § 29-28-108 because of Plaintiffs' alteration, modification, abuse, and/or misuse of Zoloft.

**Thirty-Fifth Defense**

To the extent Plaintiffs' claims are governed by Tennessee law, Plaintiffs' claims may be barred by Tenn. Code Ann. § 29-28-104 because Plaintiffs have not rebutted the presumption that Pfizer is not liable since its product and its labeling were approved by the FDA.

**Thirty-Sixth Defense**

To the extent Plaintiffs' claims are governed by Tennessee law, Pfizer adopts and incorporates all defenses and presumptions arising under the Tennessee Product Liability Act of 1978, Tenn. Code Ann. § 29-28-101 et seq. (2000).

Pfizer reserves the right to amend, or to seek leave to amend, its Answer and Affirmative Defenses as its investigation and discovery of the case proceeds.

## JURY TRIAL DEMANDED

Pfizer hereby demands a trial by jury on all issues so triable.

WHEREFORE, Pfizer requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of Pfizer, that Pfizer be awarded costs and, to the extent provided by law, attorneys' fees, and any such other relief as the Court may deem proper.

Respectfully submitted,

GOODELL, DEVRIES, LEECH
& DANN, LLP

Dated: May 25, 2012      By: /s/ Brandon L. Goodman
Robert A. Limbacher, Esq. (PA ID No. 35796)
Brandon L. Goodman, Esq. (PA ID No. 209406)
One Commerce Square
2005 Market Street, Suite 1940
Philadelphia, PA 19103
Telephone: 267.765.3600
Facsimile: 267.765.3636

*Attorneys for Defendant Pfizer Inc*

## CERTIFICATE OF SERVICE

I, Brandon L. Goodman, hereby certify that I caused a true and correct copy of the foregoing PFIZER INC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL to be served this day via the Court's ECF filing system upon all counsel of record.

Dated: May 25, 2012

/s/ Brandon L. Goodman

Brandon L. Goodman